### †Newark (City) v. Alonzo B. McDowell.

1. Duty of County Commissioners to Build Bridges in Municipalities Not Entitled to Share in Bridge Fund Does Release City From Liability for negligence.

Although it is the right and duty of county commissioners to build a bridge, on a state or county road, within the limits of a municipality not entitled to a portion of a bridge fund of the county, the municipality is not absolved from the duty, imposed by statute, to keep its streets, including bridges, open, in repair, and free from nuisance, and for injuries resulting from a failure so to do or to properly guard existing dangers when bridge is swept away, the municipality is liable.

2. Evidence of Notice to Councilmen and Street Commissioner Admissible to Prove Actual Notice When.

Where it appears from the evidence that sufficient time, from the date of notice to councilmen and the street commissioner, of an unguarded excavation, had elapsed to give them an opportunity to legislate on the matter, evidence of such notices being given is competent testimony to show actual notice to the city.

3. Negligence—Charge Requiring Plaintiff to Exercise More Than Ordinary Care and Prudence.

A charge in an action for injuries received in consequence of an unguarded excavation, that if the jury find that the night was unusually dark and foggy, so that it was unusually difficult to see, the duty devolved upon plaintiff to exercise *more than ordinary care and prudence*, is faulty.

Error to the Court of Common Pleas of Licking county.

Douglass, J.

The case of the city of Newark v. Alonzo B. McDowell is here on error. This is an action brought by the defendant in error against the city of Newark, plaintiff in error, to recover damages for personal injuries alleged to have been sustained on November 4, 1893, by reason of driving into a pit on the right of an old bridge on Clinton street in the city of Newark. The substance of the petition is that the city of Newark is a municipal corporation, and, as such, has control and management of the streets, alleys, public grounds, etc., and is charged to keep them open, in repair and free from nuisance. And the further averment is made that Clinton street is within the city of Newark; and that, prior to the happenings of the grievances complained of, a contract was entered into by and between the Lane Brothers Bridge & Construction Company and the county commissioners, to erect a bridge over what is commonly known as Log Pond Run, on said Clinton street, running transversely across the street.

The petition further states that this excavated place, or hole, was left open, and that the plaintiff, Alonzo McDowell, had no notice or knowledge of any such place. That it was left wholly unguarded and unprotected, and that he drove his horse and buggy into said pit, and

†Affirmed in Newark v. Jones, ante 192.

Newark (City) v. McDowell.

was injured by breaking his arm ; and prays damages by reason thereof in the sum of ten thousand dollars.    This is in substance, the petition.

The answer denies these facts, and says that, admitting the plaintiff was injured somewhat, says that it was done wholly by the wanton and reckless driving of the plaintiff, and that he not only contributed to the injury, but was wholly responsible for it ; and, as a second defense, the averments are further made that the contract between the county commissioners and the Lane Brothers Bridge & Construction Company placed the responsibility and the duty devolved upon them, and they got jurisdiction of the street for the purpose of constructing this bridge, and that the city had nothing to do with this matter, and was not responsible for either the want of proper barriers or the want of lights or anything of that kind that would create liability if such injury did occur, and that it was wholly the fault of the county commissioners, who had this jurisdiction, and that they were liable, or the Bridge & Construction Company, who were doing this work.

The reply denies these facts, and two theories are here advanced by the respective parties as to what should govern in this case.    The claim is made by the plaintiff below, McDowell, that conceding that the county commissioners had jurisdiction, and were building the bridge, and that the Lane Brothers Bridge & Construction Company were there working for them, that either of them might be liable for this injury, and that, nevertheless, this did not absolve the city from such liability, and that all of these joint tortfeasors might be sued, or they might each be sued separately, and that but one satisfaction is claimed; and the theory upon which they base their case is not the fact of the construction of the bridge, but the fact that it was the duty of the city, under sec. 2640, Rev. Stat., to keep her streets, alleys, bridges, etc., open, in repair, and free from nuisance.    And that the default in that regard of keeping proper barriers, or lights, or guards, fixes the liability of the city.

The claim made by the defense is that sec. 860, Rev. Stat., provides that the county commissioners shall build bridges over all streams crossing state and county roads, and in villages, except such as have a right to demand and receive a portion of the bridge fund ; and that that fact being true, the jurisdiction was taken by the county commissioners, and that therefore all this liability falls upon them, and the city is absolved from any such liability.

These are the contentions.

The action was originally brought against the Lane Brothers Bridge & Construction Company and the city of Newark.    A special demurrer was filed for misjoinder, which was overruled ; but on the motion or volition of the plaintiff, this defendant, the Bridge & Construction Company was dropped, and the case proceeded against the city of Newark alone ; and whether this demurrer was rightly overruled or not (which we think it was) the action proceeded against the city of Newark, and therefore there could not be any prejudice here, and the question drops, really, out of the case, as far as that is concerned.

Case of Street Ry. v. Sweeney, 4 Circ. Dec. 11, Reports is cited as authority to sustain the proposition of the plaintiff in this case.    It is very pertinent to the issue, and to which I will probably revert later.    But, there are certain exceptions mentioned here as to why this judgment should not stand.    I might say, first, that this case was tried to a jury and a verdict of $4,250.00 was rendered, and, on motion for a new trial, a condition was made that if the amount be reduced to $2,250, the

motion would be overruled, which was done and judgment was entered for $2,250, and error is prosecuted to reverse this judgment.

Exceptions noted here are on page 31 and 33 of the record as to the notice to councilmen. The proof showed that, at one time, barries were placed there, and proper guards, perhaps after this work commenced, but that for three or four weeks before the accident, which occurred on November 4th, no such barries were there. There is evidence, and very much evidence in reference to that—in fact, it is almost proof in fact without contradiction.

Notice was given to councilmen and the street commissioner, and this is claimed to be erroneous—that such testimony should be admitted here to charge the city, because the councilmen and street commissioner and various other parties who had to do with the city were permitted to testify as to the fact of notice being brought home to them. We think from what the record discloses as to the time they were notified and as to the answers that they made, and the fact of their being there, that sufficient time elapsed to give them an opportunity to legislate on this matter; and that it was perfectly competent to admit this testimony to show actual notice.

· A line of exceptions are here as to evidence on pages 95, 96, 97 and 98—evidence permitted as to pain and suffering. Now, under the issue here, we think this evidence was perfectly competent, proper and relevant to the issue. One is noted on page 127, in which the question is as to inconvenience that he suffered in a pecuniary way. We think it proper under this issue.

Numerous objections are made to the charge of the court, and also as to charges not given. We have carefully examined the charge, which is s long one, and which we think covers all the questions involved in this case; and a number of the questions made here, I will refer briefly to:

" If the jury find that the city of Newark had no part or share in the bridge fund of Licking county at the time of the re-construction of this bridge, and the happening of the accident herein complained of, and that the duty of repairing and constructing the bridges of said city was imposed upon the county commissioners, and that the accident resulted from negligence on the part of said commissioners, or the contractors under them, the verdict shall be for the defendant."

This was requested and refused, and we do not think it is the law applicable to this case.

" If the jury find that a person driving along that street upon which the accident occurred could have discovered the dangerous condition of the bridge by the exercise of ordinary care, the verdict shall be for the defendant."

This, charged in connection with other matters, makes it perfectly proper to be in the charge. This abstract proposition here is not just given, but the substance of that is charged and in the proper way.

" The jury shall allow no damages except as compensation."

The court gave that charge, and guarded it further by putting it negatively, and saying that this was not a case for punitive damages. So, there is no error in that.

" If the jury find that the night was unusually dark and foggy so that it was unusually difficult to see, the duty devolved upon the plaintiff herein to exercise more than ordinary care and prudence, and a

failure so to exercise such greater care and prudence than ordinary will defeat recovery by plaintiff.''

This, we do not think is the proper way to put this question. The court put it under all the circumstances and surroundings that were before the party, as to whether or not he used that degree of care that was required in a case of this kind ; and this request was putting it that he should use more than ordinary care, which we think was faulty.

'' If the jury find that during the time this street was torn up, and prior to this accident, that the plaintiff had been along said street so that he could not but have seen the condition of the same, or if he knew of its condition in any manner or from any source whatever, he cannot recover in this action.''

The testimony in this case would not warrant that.

'' If the jury find that at the time of the accident the city had no notice that the guards had been removed ; or that at the time the city was warned by notice to its officers having control of its highways, there were guards at such dangerous place in said street, unless after the removal of such guards the city must be shown to have had notice of such dangerous place before said city shall be held liable for injuries arising from such dangerous place in such street.''

The charge covered what was actual notice and what would be constructive notice, and all that was necessary in order to secure perfectly the rights of the parties in the case.

'' Ordinances imposing duties on city officers over property of which said city has no statutory control, are of no force and avail, and said city is not estopped from avoiding liability on such ground.''

We think that this has no application to the case, and ought not to be given.

'' If the jury find that Lane Brothers hauled their material there after the making of the contract, and the abutment was complete and ready for the superstructure, the bridge shall be deemed to be in the possession of said contractors, Lane Brothers.''

This question was charged on by the court, and we think properly, and that this proposition would not be the law of this case.

As to the parts objected to, of the charge, it is sufficient to say that we think there was no error in the charge of the court.

As I said before, the municipal corporation, on the one hand, claims that it is absolved from liability simply because the county commissioners have the jurisdiction of this street for the purpose of putting in this bridge ; and, on the other hand, it is claimed that sec. 2640, Rev. Stat., does not absolve it from liability. Now, upon these two theories, this case was tried. The court took the view that although it was the duty and was the right of the county commissioners to build this bridge, notwithstanding that fact that they had jurisdiction there, that under sec. 2640, the city of Newark was not absolved from the duty imposed upon them by statute to keep their streets, including bridges, open, in repair, and free from nuisance; and that the other sections of the statute which have been cited here, simply lend force to this view. Different sections of the statute were cited, but these are the chief ones upon which liability or non-liability will rest.

We think that, as a matter of law, this is so, and the theory upon which this case was tried and the charge of the court upon that theory, was right. That Zanesville v. Fannan, 53 O. S., 605, is authority upon that proposition, and also Perry Co. v. Railroad Co., 43 O. S., 451 ; and

that it was the duty of the city of Newark, no matter if the bridge was being built by the county commissioners, or by Lane Brothers, to see that it was properly guarded and protected ; that no nuisance within the corporate limits of the city was allowed to exist, and that, by reason of its failure in this regard to so protect it, that they were both actually and constructively notified of the fact from the evidence in this case, and a failure to do this makes them liable. And we find no error in the admission or exclusion of evidence that was prejudicial to the plaintiff in error, and no error upon the record, and the same will be affirmed.